Aidan W. Butler (SBN 208399)
Attorney at Law
3550 Wilshire Boulevard, Suite 1924
Los Angeles, California 90010
Telepehone: (213) 388-5168
Telecopier: (213) 388-5178
tocontactaidan@gmail.com

Attorneys for Plaintiff DELIA M. PADILLA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELIA M. PADILLA, an individual, | CASE NO.: |
| Plaintiff, | **COMPLAINT FOR VIOLATIONS OF** |
| vs. | 1) THE FAIR DEBT COLLECTION PRACTICES ACT; |
| CACH OF NJ, LLC, a Colorado limited liability company; and DOES 1-10, inclusive, | 2) THE ROSENTHAL ACT; AND |
| Defendants. | 3) THE FAIR CREDIT REPORTING ACT. |
| | **DEMAND FOR JURY TRIAL.** |

## I. JURISDICTION AND VENUE.

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. §2201 and 2202.

2. Venue in this District is proper in that Plaintiff's claim arose in this District.

/ / /

## II. THE PARTIES.

3. The plaintiff, DELIA M. PADILLA ("Plaintiff"), is a natural person. At all relevant times, she resided in the city and county of Los Angeles, California.

4. Defendant CACH OF NJ, LLC ("CACH"), is, and at all times relevant herein was, a Colorado limited liability company with its principal offices located at 1675 Broadway, Suite 1200, Denver, CO 80202.

5. The true names and capacities, whether individual, corporate, associate or otherwise, of the defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues such defendants by such fictitious names. Plaintiff will amend this complaint to show the true names and capacities of such defendants when they have been ascertained. Plaintiff is informed and believes that each of the defendants designated herein as a DOE was in some manner responsible for the occurrences and injuries alleged herein.

6. At all times mentioned herein, each of the defendants was the agent and employee of the other named defendants, and in doing the things alleged were acting within the course and scope of such agency and employment, and in doing the acts herein alleged were acting with the consent, permission and authorization of the remaining defendants. All actions of each of the defendants were ratified and approved by the other named defendants.

7. Defendants are debt collectors, as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6), and as defined by California Civil Code section 1788.2( c).

## III. FACTUAL ALLEGATIONS.

8. In or around 2013, CACH filed a lawsuit against Plaintiff and Plaintiff's daughter – a resident of New Jersey – for the collection of a defaulted medical account. Plaintiff was never a resident of New Jersey, and had never guaranteed any medical debts incurred by her daughter. In fact, Plaintiff never even knew that her

daughter had incurred any medical debts at any time. Upon information and belief, Plaintiff's daughter used her mother as a credit reference on an application, but CACH erroneously treated Plaintiff as a guarantor or co-obligor.

9. Plaintiff was never properly served in the New Jersey lawsuit. Nevertheless, based upon improper service, CACH obtained a default judgment against Plaintiff in the New Jersey lawsuit.

10. Upon learning of the New Jersey lawsuit, Plaintiff contacted the Los Angeles County Bar Association and received a referral to a local attorney. Plaintiff's new counsel contacted the attorney for CACH in the New Jersey case in writing and explained the facts to CACH's litigation counsel, including the facts that Plaintiff was not obligated on the defaulted account under any plausible theory, was not a resident of New Jersey, and had not been served.

11. Shortly after receiving Plaintiff's counsel's letter, CACH and its litigation counsel voluntarily requested that the New Jersey court vacate the default judgment as to Plaintiff and dismiss Plaintiff from the case. The New Jersey court granted CACH's request.

12. Nevertheless, approximately eight months later, CACH contacted Plaintiff seeking to collect the same debt, by letters dated May 16, 2015, and June 26, 2015. CACH contacted Plaintiff directly at her address in Gardena, California. CACH's letters were on the letterhead of a firm different from the firm CACH used in the litigation described above.

13. CACH included in the amount demanded sums not allowed under any applicable statute of enforceable contract between Cross-Complainant and any other party. Furthermore, the letters constituted attempts to collect a debt that was not owed by Plaintiff at all, and which included fees and penalties not permitted under any enforceable statute of contract.

**FIRST CLAIM FOR RELIEF**

(For Violations of the FDCPA against CACH, MLG and DOES 1 through 5, inclusive)

14. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 13 above.

15. Defendants, and each of them, violated the FDCPA. Defendants' violations include, but are not limited to, the following:

a) Using false representations and deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. §1692e(10);

b) Using unfair and/or unconscionable means to collect an alleged debt, in violation of 15 U.S.C. §1692f;

c) Contacting Plaintiff directly despite knowing Plaintiff was represented by an attorney with respect to such debt and having knowledge of such attorney's name and address, in violation of 15 U.S.C. §1692c( a)(2);

d) Attempting to collect an amount (including any interest, fee, charge, or expense incidental to the principal obligation) not expressly authorized by the agreement creating the purported debt or permitted by law, in violation of 15 U.S.C. §1692f(1).

16. As a direct and proximate result of the above violations of the FDCPA, Plaintiff has suffered actual damages, including but not limited to feelings of anguish, frustration, humiliation, anxiety, and stress, among other things. For that reason, Defendants, and each of them, are liable to Plaintiff for declaratory judgment that defendants' conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, costs and attorney's fees.

**SECOND CLAIM FOR RELIEF**

(For Violations of the Rosenthal Act Against CACH, MLG and DOES 1 through 5, inclusive)

17. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 16 above.

18. Defendants, and each of them, knowingly and wilfully violated California's Rosenthal Fair Debt Collection Practices Act (hereinafter the "Rosenthal Act"). Defendants' violations include, but are not limited to, the following acts performed in attempting to collect a consumer debt:

a) Using false representations and deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. §1692e(10) and California Civil Code section 1788.17;

b) Using unfair and/or unconscionable means to collect an alleged debt, in violation of 15 U.S.C. §1692f and California Civil Code section 1788.17;

c) Contacting Plaintiff directly despite knowing Plaintiff was represented by an attorney with respect to such debt and having knowledge of such attorney's name and address, in violation of 15 U.S.C. §1692c(a)(2) and California Civil Code section 1788.17; and

d) Attempting to collect an amount (including any interest, fee, charge, or expense incidental to the principal obligation) not expressly authorized by the agreement creating the purported debt or permitted by law, in violation of 15 U.S.C. §1992f(1) and California Civil Code section 1788.17.

19. As a result of defendants' violations of the Rosenthal Act, pursuant to Civil Code section 1788.30, Plaintiff is entitled to actual damages, statutory damages, attorney's fees and costs.

### THIRD CLAIM FOR RELIEF
(For Violations of the Fair Credit Reporting Act Against CACH and DOES 1 through 5, inclusive)

20. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 19 above.

21. At various times prior to the commencement of this lawsuit, CACH obtained copies of Plaintiff's credit report – including but not limited to on or around July 11, 2014

22. At those times, CACH's use of the credit report was impermissible, in that CACH did not have a relationship with CACH as defined under 15 U.S.C. §1681b(a)(3)(A) - (G). CACH's use was not permissible under 15 U.S.C. §1681b(a)(3)(A) because the debt CACH later attempted to collect had already been extinguished.

23. At no time relevant to this complaint did Plaintiff give CACH permission or instructions to obtain his consumer report.

24. Nor did any court of competent jurisdiction ever order Plaintiff's consumer reports to be furnished to CACH.

25. CACH and its employees are prohibited from obtaining consumer reports under false pretenses, pursuant to 15 U.S.C. §1681q.

26. CACH was and is required to establish and maintain reasonable procedures to prevent its facilities from being used to obtain consumer reports under false pretenses, under 15 U.S.C. §1681b(f).

27. CACH failed to establish procedures that would prevent its facilities from being used to obtain a consumer report under false pretenses.

28. CACH willfully obtain the information contained in Plaintiff's consumer report from Experian and TransUnion under false pretenses, and/or for an impermissible purpose.

29. Based upon the foregoing. Plaintiff is entitled to damages statutory and/or actual damages, punitive damages, and attorney's fees under 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

WHEREFORE, Plaintiff requests that judgment be entered in her favor against the defendants as follows:

    1. Punitive and/or exemplary damages, both under common law and 15 U.S.C. section 1681n(a);

    2. Actual damages under 15 U.S.C. §1681o;

    3. Costs and attorney's fees, under 15 U.S.C. §1681o;

    4. Statutory damages, pursuant to 15 U.S.C. section 1692k(a)(2) and/or Civil Code section 1788.30(b);

    5. Actual damages, pursuant to 15 U.S.C. section 1692k(a)(1) and/or Civil Code section 1788.30(a);

    6. Costs and reasonable attorney's fees, pursuant to 15 U.S.C. section 1692k(a)(3), and/or Civil Code section 1788.30(c) and/or Code of Civil Procedure section 490.020.

    7. General damages, with prejudgment interest as permitted by law; and

    8. For such other and further relief as the Court deems just and proper.

    PLEASE TAKE NOTICE that Plaintiff DELIA M. PADILLA requests a trial by jury.

DATED: August 20, 2015                      Respectfully submitted,

By: _____
Aidan W. Butler
Attorney for Plaintiff
DELIA M. PADILLA